UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PETRONILLA HERRERA
on behalf of herself and
all other similarly situated consumers

Plaintiff,

-against-

MIDLAND CREDIT MANAGEMENT, INC.
AND ENCORE CAPITAL GROUP, INC.

Defendant.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Petronilla Herrara seeks redress for the illegal practices of Midland Credit Management, Inc. and Encore Capital Group, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendants' principal place of business is located in California.

5. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendants are "debt collector(s)" as that term is defined by the FDCPA, 15 U.S.C. §1692(a)(6).

***Jurisdiction and Venue***

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

***Allegations Particular to Petronilla Herrera***

9. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

10. Plaintiff **Petronilla Herrera** is a natural person currently residing at **Islip, NY 11751-4106**, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

11. Defendant **Midland Credit Management, Inc.** and **Encore Capital Group, Inc.** are corporations engaged in the business of collecting debts owed or allegedly owed to others and is a "debt collector" as defined by 15 U.S.C. §1692a(6).

**FACTUAL ALLEGATIONS**

12. The alleged debt arises from a personal, family, or household account originally owed to **Capital One, N.A.**, under merchant name **Platinum Mastercard**, account ending in **1172**.

13. The debt was subsequently purchased or acquired by Defendants which now claim to be the current owner and servicer, with MCM account number **xxxx66541** and a reported balance of **$5,133.71**.

14. On **July 23, 2025**, Defendant contacted Plaintiff via email in an attempt to collect the alleged debt.

15. That same day, Plaintiff replied by email stating clearly, "I refuse to pay the debt."

16. Despite receiving Plaintiff's written refusal to pay, Defendant continued to attempt collection and on **July 24, 2025**, sent another collection communication in violation of the FDCPA.

17. Again, on **October 23, 2025**, Defendant emailed Plaintiff in a further attempt to collect the same debt.

18. Plaintiff responded the same day, reiterating her written refusal to pay.

19. Nevertheless, on **November 1, 2025**, Defendants once again attempted to collect on the same account.

20. Defendants' continued attempts to collect after being notified of Plaintiff's refusal to pay constitute harassment and a direct violation of Plaintiff's rights under the FDCPA.Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

21. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

22. Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

23. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

24. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

25. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

26. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under sections 1692c(c), 1692d, 1692e and 1692e(10) of the Act.

27. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

28. As an actual and proximate result of the acts and omissions of defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and

acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendants.***

29. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty-eight (28) as if set forth fully in this cause of action.

30. This cause of action is brought on behalf of Plaintiff and the members of a class.

31. The class consists of all persons whom Defendants' records reflect resided in the State of New York and who received a collection attempt from the Defendants after the class member indicated to the Defendants that the class member refused to pay the debt and the Plaintiff asserts that the actions of the Defendants violate 15 U.S.C. §§ 1692c(c), 1692d, 1692eand 1692e(10).

32. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that a form collection attempt is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection attempts (*i.e.,* the class members), a matter capable of ministerialdetermination from the records of Defendants.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

33. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

34. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

36. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

37. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendants and award damages as follows:

A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: January 1, 2026

Respectfully submitted,

**/s/ Adam J. Fishbein**

Adam J. Fishbein (AF-9508)

Attorney At Law

735 Central Avenue

Woodmere, NY 11598

516 668 6945

fishbeinadamj@gmail.com